### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDUARDO GALLEGOS, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )    Case No. CIV-18-734-R |
| | ) |
| COUNTY JAIL/FACILITY, LINCOLTON, | ) |
| GEORGIA, et al., | ) |
| | ) |
|     Defendants.[1] | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis* brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging various violations of his constitutional rights. (ECF No. 4).[2] United States District Judge David L. Russell referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, the Court should: (1) dismiss, without

---

[1] Mr. Gallegos has named the "County Jail/Facility, Lincolton, Georgia" as a Defendant. (ECF No. 4:8). Plaintiff has sued the facility and various persons employed there. (ECF No. 4:8). Taking judicial notice via public record, the undersigned notes that the Defendant County Jail is located in Lincoln County, in the city of Lincolnton, Georgia. The undersigned will hereafter refer to the Defendant facility as "The Lincoln County Jail."

[2] "An action arising under *Bivens* . . . provides a means by which a prisoner may challenge the conditions of his or her confinement." *Powell v. Fleming*, 27 F. App'x 970, 973 (10th Cir. 2001) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997)).

prejudice, the claims against the United States of America, the Federal Transfer Center (FTC), the United States Penitentiary in Atlanta, Georgia (USP-Atlanta), and the official capacity claims for monetary damages against individual Defendants employed by the FTC based on lack of jurisdiction; (2) dismiss, with prejudice, the individual capacity claims for monetary damages against the individual employee-Defendants of the FTC as untimely; (3) dismiss, without prejudice, the claims against Integris Southwest Medical Center (Integris Hospital), for failure to state a claim; and (4) transfer the remainder of the action to United States District Court for the Southern District of Georgia.

## I.  BACKGROUND

Plaintiff's lawsuit is based on the alleged delay and/or denial of medical care by various prison officials at four penal institutions and one hospital—the Lincoln County Jail located in Lincoln County, Georgia; the McDuffie County Jail, located in McDuffie County Georgia; USP-Atlanta, located in Atlanta, Georgia; the FTC located in Oklahoma City, Oklahoma;[3] and Integris Hospital located in Oklahoma City, Oklahoma. (ECF Nos. 4:9-14; 4-2).

While in the custody of the BOP and incarcerated at these facilities, Mr. Gallegos alleges he developed severe skin infections that were not properly treated and later developed into Fournier's Gangrene, which Plaintiff describes as "a 'rare' and 'life-

---

[3] Plaintiff refers to "Reno, Oklahoma" as the location of the FTC. (ECF No. 4:8, 11). Although the Bureau of Prisons (BOP) operates a facility in El Reno, Oklahoma—FCI El Reno—medical records which Plaintiff attaches to his Complaint indicate that he was actually incarcerated at the FTC, which is located in Oklahoma City, Oklahoma.

threatening urological emergency' associated with an aggressive infection of the scrotum, penis or perineum." (ECF No. 4:9).

According to Mr. Gallegos, the trouble began in the Lincoln County Jail where prison officials there failed to provide Plaintiff with sanitary living conditions which caused him to develop "severe skin infections/scabies causing rash, itching and pain." (ECF No. 4:9). Plaintiff alleges that he sought treatment from officials at the Lincoln County Jail, but "COs" failed to effectively treat him, which caused the infection to spread and worsen. (ECF No. 4:10). Mr. Gallegos also seeks liability against the Warden of the Lincoln County Jail, arguing that Defendant "knew or should have known of the unsanitary conditions of Petitioner's confinement." (ECF No. 4:11). Plaintiff was incarcerated at the Lincoln County Jail from an unknown date through February 9, 2015, at which time he was transferred to the McDuffie County Jail in McDuffie County, Georgia. (ECF No. 4-2:1).

While at that facility, Plaintiff alleges that McDuffie County Jail officials' "failure to provide adequate medical care compounded Petitioner's existing infections." (ECF No. 4:10). Plaintiff was incarcerated at the McDuffie County Jail from February 9-11, 2015, and was then transferred to USP-Atlanta. (ECF No. 4-2:1).

Plaintiff was incarcerated at USP-Atlanta from February 12-20, 2015, and alleges that prison officials there "failed to protect and failed to provide adequate medical care for Petitioner's serious medical need." (ECF No. 4:11). According to Mr. Gallegos, medical officials at USP-Atlanta drained an abscess located in his right groin area, but Plaintiff "picked-up bacteria because of open skin wound because of infections, rash, scabies, and

3

drainage." (ECF No. 4:11). Plaintiff alleges that "no one" at USP-Atlanta paid any attention to his infections and symptoms and "no adequate medical help was provided." (ECF No. 4:11).

On February 20, 2015, Mr. Gallegos was transferred from USP-Atlanta to the FTC in Oklahoma City, Oklahoma. (ECF No. 4-2:1). Plaintiff alleges that he showed the infected area and abscess to medical staff at the FTC, but they "simply ignored Petitioner and dismissed him without adequate medication and further follow-up." (ECF No. 4:11). Plaintiff alleges that the lack of care by officials at the FTC caused his infection to spread which culminated in him being taken to the emergency room at Integris Hospital on February 23, 2015, where he was diagnosed with Fournier's Gangrene. (ECF Nos. 4:11-12; 4-2:1; 4-3). Ultimately, Plaintiff underwent multiple procedures to remove necrotic tissue, and to date, suffers residual pain and limitations in sitting and walking. (ECF Nos. 4:13-14; 4-2; 4-3).

Plaintiff brings this lawsuit against the following Defendants: the Lincoln County Jail; "Correctional Officers" and "Medical Staff" at the Lincoln County Jail; Dr. Michelle Mason-Woodward, physician at the Lincoln County Jail; the Warden of the Lincoln County Jail; the McDuffie County Jail; "Correctional Officers" and "Medical Staff" at the McDuffie County Jail; the Warden of the McDuffie County Jail; USP-Atlanta; the FTC; "Correctional Officers" and "Medical Staff" at the FTC; the Warden of the FTC; the United States of America; and Integris Hospital. (ECF No. 4:8-14). As relief, Plaintiff seeks compensatory and punitive damages. (ECF No. 4:14).

## II. SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court likewise must review each case brought by a prisoner with respect to prison conditions and each case in which a plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

## III. DISMISSAL OF CLAIMS AGAINST THE UNITED STATES OF AMERICA, FEDERAL CORRECTIONAL FACILITIES; AND OFFICIAL CAPACITY CLAIMS AGAINST INDIVIDUAL DEFENDANT-EMPLOYEES OF THE FTC

Plaintiff is suing "COs," "Medical Staff," and the warden of the FTC. *See supra*. Mr. Gallegos states that he is suing these Defendants in both their individual and official capacities. (ECF No. 4:8). Plaintiff also sues two federal correctional facilities—the FTC and USP-Atlanta—and the United States of America. The doctrine of sovereign immunity precludes any action against the United States of America, the FTC, USP-Atlanta, and any official capacity claims against individual Defendant-employees of the FTC.

It is well established that the United States is immune from suit unless it has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see also United States v. $30,006.25 in United States Currency*, 236 F.3d 610, 613 (10th Cir. 2000) (recognizing that a "waiver of sovereign immunity cannot be implied but must be

5

unequivocally expressed") (citing *Mitchell*, 445 U.S. at 538). The United States has not waived its sovereign immunity for constitutional torts. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (doctrine of sovereign immunity precludes a *Bivens* action against the United States or agencies of the United States). Likewise, "[w]hen an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neal*, 867 F.2d 589, 590 (10th Cir. 1989) (federal employees, when sued in their official capacities, are immune from suit unless sovereign immunity has been waived) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)); *see also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). Moreover, Plaintiff cannot bring an action against the FTC or USP-Atlanta. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, [but he] may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities.").

Accordingly, the Court should dismiss the claims against the United States of America, USP-Atlanta, the FTC, and the claims against the FTC employees in their official capacities. The dismissal should be without prejudice. *See Rural Water Sewer and Solid*

*Waste Management, District No. 1, Logan County, Oklahoma v. City of Guthrie,* 654 F.3d 1058, 1069 n. 9 (10th Cir. 2011) (holding that a dismissal based on sovereign immunity should be without prejudice).

**IV.     DISMISSAL OF INDIVIDUAL CAPACITY CLAIMS AGAINST EMPLOYEES OF THE FTC**

As stated, Mr. Gallegos seeks liability against "COs," "Medical Staff," and the Warden at the FTC. *See supra*. Based on the prior recommendation, what remains against these Defendants are claims in their individual capacities for monetary damages. *See supra*. It is clear from the Complaint that these claims are barred by the statute of limitations. Like an action brought under 42 U.S.C. § 1983, a *Bivens* action "is subject to the statute of limitations of the general personal injury statute in the state where the action arose." *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). In Oklahoma, the statute of limitations is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(3) ("an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated" must be brought within two years). Although the statute of limitations is governed by Oklahoma law, federal law controls the issue of when a federal cause of action accrues. *Industrial Constructors Corp.*, 15 F.3d at 968-69 (citing *Baker v. Board of Regents of the State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993).

As a general matter in a *Bivens* action, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury

which is the basis of his action," that is "when he should have discovered it through the exercise of reasonable diligence." *Id.* at 969 (citations omitted). Under this accrual rule, it is the "discovery of the injury, not discovery of the other elements of a claim [that] starts the clock." *Rotella v. Wood,* 528 U.S. 549, 555 (2000). Plaintiff attaches an affidavit to his Complaint stating that on February 20, 2015, he notified prison officials at the FTC of a large abscess in his right groin, which grew extensively in the following two days, which caused him fever, nausea, and vomiting. (ECF No. 4-2:1). On February 23, 2015, Plaintiff was admitted to the emergency room at Integris and diagnosed with Fournier's Gangrene, a condition which he complains still causes him pain and suffering. (ECF Nos. 4:11-12, 4-2:1-2). Plaintiff certainly had reason to know that he had allegedly been denied constitutionally adequate medical care at the hands of prison officials at FTC over three years before he filed the instant *Bivens* action on July 31, 2018. Accordingly, the Court should dismiss Plaintiff's individual capacity *Bivens* claims against the FTC "COs," "Medical Staff," and the FTC warden as time-barred.[4]

## V.     DISMISSAL OF CLAIMS AGAINST INTEGRIS HOSPITAL

On February 23, 2015, Plaintiff was seen in the emergency room at Integris Hospital where he was diagnosed with Fournier's Gangrene and underwent multiple procedures to treat the infection. (ECF No. 4-3:4-11). Mr. Gallegos seeks liability against

---

[4] Of note, Plaintiff filed an Administrative Tort Claim under the Federal Tort Claims Act alleging injury for an incident occurring on February 20, 2015. (ECF No. 4-1). The claim was dated June 9, 2017 and received by the BOP on March 26, 2018. (ECF No. 4-1). The BOP rejected the claim as untimely because it had not been received by the BOP within two years of the incident.

Integris Hospital for "physician's malpractice." (ECF No. 4:13). According to Plaintiff, "[d]octors at [Integris] failed to successfully perform the medical procedures that caused Petitioner permanent injuries and scars and damages, and because of that Petitioner is suffering from constant pain." (ECF No. 4:13). The allegations against Integris Hospital fail to state a claim because Mr. Gallegos has not pleaded facts that suggest that any particular physician at Integris was a federal government actor of some sort, as required for a *Bivens* lawsuit. *See Dry v. United States,* 235 F.3d 1249, 1255 (10th Cir. 2000) ("Under *Bivens,* an individual has a cause of action *against a federal official* in his individual capacity for damages arising out of the official's violation of the United States Constitution *under color of federal law or authority.*") (emphasis in original). Accordingly, the Court should dismiss any claims against Integris Hospital for failure to state a claim. *See Florence v. Peterson*, 268 F. App'x 737, 738–39 (10th Cir. 2008) (dismissing *Bivens* claims against hospital physicians for failing to plead a nexus between the hospital and government action, as required under *Bivens*); *see also Ward v. St. Anthony Hosp.,* 476 F.2d 671, 675 (10th Cir. 1973) (in § 1983 lawsuit requiring "state action," conduct by employees of a private hospital, which is subject to "intricate state regulation," did not constitute "state action."). The dismissal should be without prejudice.

## VI. VENUE

In light of the prior recommendations, what remains are claims against:

- the Lincoln County Jail, located in Lincoln County, Georgia;
- employees of the Lincoln County Jail;

9

- the McDuffie County Jail, located in McDuffie County, Georgia; and
- employees of the McDuffie County Jail.

For these claims, the Court should conclude that venue is not appropriate in the Western District of Oklahoma. The two applicable venue statutes appear to support venue in the United States District Court for the Southern District of Georgia. Under the general venue statute, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If this recommendation is adopted, there will be no remaining Defendant in this District. Instead, the remaining Defendants are located in Lincoln County, Georgia and McDuffie County, Georgia, which are both located in the Southern District of Georgia *See* 28 U.S.C. § 90(c)(1). And Plaintiff's allegations make it clear that the substantial part of the events underlying his claims occurred during the time he was housed at the Lincoln County Jail and the McDuffie County Jail. Thus, venue would be proper in the United States District Court for the Southern District of Georgia.

When venue lies in the wrong district, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. "The 'interest of justice' is an amorphous standard, left largely undefined by the courts." 17 J. Moore, Moore's Federal Practice, § 111.34, at 111–165 (3d ed. 2011). Ordinarily, "transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice defeating.'" *Id.* at 111–165 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). In light of this standard, the undersigned recommends transfer rather than dismissal. In addition, although the undersigned has only specifically considered the statute of limitations with regard to Plaintiff's individual capacity claims against employee-Defendants of the FTC, that analysis leads the undersigned to believe that timeliness could be an issue with regard to some of Plaintiff's remaining claims. For this reason, transfer is preferable to dismissal. Accordingly, it is recommended that the action be transferred to the United States District Court for the Southern District of Georgia.

## VII.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

In light of the foregoing, the Court should: (1) dismiss, without prejudice, the claims against the United States of America, the FTC, USP-Atlanta, and the official capacity claims for monetary damages against individual Defendants employed by the FTC, for lack of jurisdiction; (2) dismiss, with prejudice, the individual-capacity claims for monetary damages against the individual employee-Defendants of the FTC as untimely; (3) dismiss, without prejudice, the claims against Integris Hospital, for failure to state a

claim; and (4) transfer the remainder of the action to the United States District Court for the Southern District of Georgia.

The parties are hereby advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **October 15, 2018.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VIII. STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues currently referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 27, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE