IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| EDUARDO GALLEGOS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-18-734-R |
|  | ) |  |
| COUNTY JAIL/FACILITY | ) |  |
| LONCOLTON, GEORGIA, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff, a federal inmate appearing *pro se* filed this action alleging violation of his rights with regard to medical treatment while incarcerated, complaining about delay in access to treatment and the quality of treatment he received at various detention or penal institutions. Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On September 27, 2018, Judge Erwin issued a Report and Recommendation wherein he recommended the Complaint be dismissed after review under 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B) as it relates to certain Defendants and transferred to the Southern District of Georgia as it relates to others. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, wherein he objects to both recommendations. The objection gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. The Court has conducted this *de novo* review and finds as follows.

In his Complaint Plaintiff named nine "Defendants" although many named Defendants include multiple entities : (1) County Jail/Facility, Lincolton, Georgia, (2) Correctional Officers, Medical Staff, including Dr. Michelle Mason-Woodard, and the warden of the Lincoln County Jail; (3) the county jail for McDuffie County, Georgia; (4) correctional officers and medical staff as well as the warden of the McDuffie County facility; (5) the United States Penitentiary in Atlanta, Georgia; (6) the Federal Transfer Center in Oklahoma; (7) correctional officers, medical staff, and the warden at the Federal Transfer Center; (8) the United States of America; and (9) Integris Southwest Medical Center. Plaintiff notes that "individual defendants could be discovered in the discovery phase" and that "Defendants are to be considered in their individual as well as in their official capacity."

The best course of action from the perspective of the undersigned is to eliminate those Defendants that cannot be properly named in a either a claim under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or under the Federal Tort Claims Act, or both. "[A] *Bivens* claim can be brought only against federal officials in their individual capacities" and cannot be asserted directly against the United States, federal agencies, or federal officials acting in their official capacities. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) and *F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994)). Accordingly, the Court must dismiss from any *Bivens* claim the United States Penitentiary in Atlanta, the Federal Transfer Center, the United States, and any correctional officers, medical staff, and the warden at the Federal Transfer Center, in their official capacities.

Furthermore, Plaintiff cannot pursue a *Bivens* claim against Integris Southwest Medical Center. *See Romero v. Peterson*, 930 F.2d 1502, 1506 (10th Cir. 1991) ("To state a *Bivens* action, plaintiff must allege circumstances sufficient to characterize defendants as federal actors."). To the extent Plaintiff was attempting to plead a claim under the FTCA, an inference supported by attachment of his June 9, 2017 SF 95 Claim for Damage, Injury, or Death form to his Complaint, the only proper defendant under the FTCA is the United States. Additionally, Plaintiff cannot rely on the action or alleged inaction of the physicians and staff in private practice at the Integris Southwest Medical Center to support such a claim, as "physicians either in private practice or associated with an organization under contract to provide medical services to facilities operated by the federal government are independent contractors, and not employees of the government for FTCA purposes." *Jones v. U.S.*, 305 F. Supp. 2d 1200, 1207 (D. Kan. 2004) (citing *Robb v. U.S.*, 80 F.3d 884, 890 (4th Cir. 1996) (further citations omitted). These conclusions are in accordance with the recommendation of Magistrate Judge Erwin, although he did not address the potential FTCA claims in the Report and Recommendation. Therefore, the Court turns to the remaining claims against the unidentified persons in their individual capacities.

The Report and Recommendation recommends that any *Bivens* claim against the COs, Medical Staff, and Warden of the FTC be dismissed as untimely. Plaintiff does not contend that Judge Erwin erred in concluding that a two-year statute of limitations period applies to his *Bivens* claims against individual Defendants. He argues, however, that his claims did not accrue in February 2015, the date identified by Judge Erwin, and further, that he is entitled to equitable tolling that renders his claims timely.

3

The Court first notes that there are no identifiable individuals as defendants to Plaintiff's *Bivens* action, because his Complaint does not identify any corrections officer, member of the medical staff, or the warden of the Federal Transfer Center by name. Thus, the filing of this lawsuit on July 31, 2018, would not mark the date from which the Court measures a timely claim; rather, that date would be sometime in the future, specifically that date Plaintiff amends his Complaint to add such persons by name. See *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1386–87 (10th Cir. 1984) (unnamed defendant must be dismissed because the statute of limitations had run and the plaintiff's eventual identification of this unnamed defendant did not relate back to the date of the original complaint). Accordingly, the latest date upon which Plaintiff's *Bivens* claims against the individual Defendants could have accrued in order to be timely is October 23, 2016, without consideration for tolling.

The Tenth Circuit has held that the discovery rule applies to judicially-created *Bivens* actions. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Indus. Const'rs Corp. v. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). Under this accrual rule, it is the "discovery of the injury, not discovery of the other elements of a claim [that] starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000). Accordingly, the Court concurs with Judge Erwin that Plaintiff's claims as to the individuals employed at the FTC accrued in February 2015, when he allegedly was denied medical treatment for the obvious infection on his upper thigh. *See Bauer v. City & Cty. of Denver*, 642 Fed. Appx. 920, 924 (10th Cir. 2016) (unpublished) (finding that Eighth Amendment claim accrued when defendants were deliberately indifferent to plaintiff's

medical needs, not when plaintiff's foot was ultimately amputated). Thus, with regard to the individual Defendant employees of the Federal Transfer Center, Plaintiff's claims would clearly be time barred absent equitable tolling.

The issue of tolling, like the statute of limitations, is governed by state law. *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004). "Oklahoma permits the tolling of a statute of limitations in two circumstances." *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). The first circumstance is where Plaintiff suffers a legal disability, i.e., where plaintiff's competency is impaired or he has not yet reached the age of majority. *Id.* The second circumstance is when "defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights." *Id.* (quotation omitted). The Tenth Circuit has also noted that "[i]n the appropriate case, exceptional circumstances may justify tolling a statute of limitations." *Id.* at 1219. Although the statute of limitations is an affirmative defense, Plaintiff bears "the burden of establishing a factual basis for tolling" because it is clear from the dates given in the complaint that "the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Citing 42 U.S.C. § 1997e(a), Plaintiff argues that limitations should be tolled while a prisoner completes mandatory exhaustion of administrative remedies. Although § 1997e(a) requires exhaustion, it does not contain a tolling provision and thus provides Plaintiff no relief. Plaintiff also contends the statute of limitations should be equitably tolled because he contends he was not informed of the limitations period, English is not his native language, and because he was suffering from the ill effects of the injury that did not

5

receive timely treatment.[1] Neither limited proficiency in the law or the English language provides a basis for equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000)( "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.")(internal quotation omitted); *Perez v. Dowling*, 634 Fed. Appx. 639, 645 (10th Cir. 2015)(prisoner's inability to speak English insufficient to support equitable tolling in habeas). Furthermore, Plaintiff's allegations regarding his poor physical health do not establish that his competence was impaired during the relevant time period. Finally, Plaintiff does not allege that any Defendant engaged in false, fraudulent or misleading conduct designed to interfere with his attempts at exhaustion.

Plaintiff further seeks to avoid the expiration of the statute of limitations by arguing that this case involves a continuing violation. (Doc. No. 10, p. 4). Plaintiff argues that he "has suffered from permanent injuries and he is suffering severe pain and limited mobility resulting in cruel punishment each and every[ ]day because of wrongful conduct of the defendants. Continuing violation theory allows a Plaintiff to seek relief for events outside of the limitations period." *Id.* The continuing-violation doctrine "is a creation of federal law," *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1514 (10th Cir. 1997), under which "a plaintiff may avoid the statute of limitations when the defendant has acted pursuant to a pattern or longstanding policy or practice of constitutional violations," *Mercer-Smith v. N.M. Children, Youth & Families Dep't*, 416 Fed. Appx. 704, 712 (10th Cir. 2011) (citing

---

[1] Plaintiff was treated for a severe infection on his upper thigh that required removal and surgical debridement of a strip of skin approximately three inches wide by eighteen inches long.

*Robinson v. Maruffi*, 895 F.2d 649, 655 (10th Cir. 1990)). The "doctrine permits a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, so long as an injurious act falls within the statute of limitations period." *Burkley v. Corr. Healthcare Mgmt.*, 141 Fed. Appx. 714, 716 (10th Cir. 2005). First, it does not appear that the Tenth Circuit has concluded that the doctrine applies to *Bivens* claims. *See Canfield v. Douglas City*, 619 Fed. Appx. 774, 778 (10th Cir. 2015) ("this court has never held that the continuing-violation doctrine applies to § 1983 cases."). Regardless, the continuing-violation doctrine "is triggered 'by continual unlawful acts, not by continual ill effects from the original violation.'" *Parkhurst v. Lampert*, 264 Fed. Appx. 748, 749 (10th Cir. 2008) (quoting *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984)). The conduct about which Plaintiff complains clearly ended with his removal from the Federal Transfer Center, which occurred in 2015. Accordingly, Plaintiff cannot rely on the doctrine to avoid the statute of limitations. The Court therefore concludes that Plaintiff's claims under *Bivens* against the employees of the Federal Transfer Center are subject to dismissal because they are time barred and there is no basis for tolling the statute of limitations period.

Judge Erwin noted that Plaintiff had filed an administrative claim pursuant to the Federal Tort Claims Act but did not construe the Complaint as including such a claim. In his objection Plaintiff contends his action is pursued under *Bivens* and under the FTCA. The Court concurs with Plaintiff that it is appropriate to construe his Complaint as including such a claim. The Court finds, however, that the claim is similarly time barred and Plaintiff is not entitled to equitable tolling. In Plaintiff's SF-95, Claim for Damage, Injury or Death to his Complaint, he alleged that the "Date and Day of Accident" was

7

February 20, 2015. The form indicates that it must be presented to the appropriate federal agency within two years after the claim accrues. Plaintiff did not present his claim to the Bureau of Prisons until June 9, 2017, after expiration of this two-year period and therefore his claim was denied. Plaintiff can proceed in this forum only if he qualified for equitable tolling of the limitations period. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015)(The FTCA's time bars are nonjurisdictional and subject to equitable tolling). To successfully claim the benefits of equitable tolling, Plaintiff bears the burden of showing that he pursued his claims, but that some extraordinary circumstances stood in his way. *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015). As set forth above, Plaintiff has not established any such circumstances in his objection to the Report and Recommendation. Accordingly, the Court finds that Plaintiff's FTCA claim against the United States is time barred.

The undersigned also construes Plaintiff's Complaint as alleging a claim for medical malpractice against Integris Southwest Medical Center. In a Motion to Supplement and/or Amend Civil Action (Doc. No. 12) filed the day after his objection to the Report and Recommendation, Plaintiff sought leave to add Dr. J. Chris Carey, M.D., the surgeon who performed the allegedly unsuccessful surgery and his medical team. Pursuant to Okla. Stat. tit. 76 § 18, a two-year limitations period applies to a claim of medical malpractice, which accrues when the plaintiff knew or should have known of the existence of the injury or condition complained of. The Court finds that, based on Plaintiff's allegations, he knew the nature of his injuries more than two years prior to the filing of this action. Although the two-year period is subject to extension for minority or incompetency, *id*., the Court rejected

these arguments above with regard to Plaintiff's federal claims. Additionally, the Court rejects equitable tolling for the same reasons set forth above.

Having considered the claims against the Defendants located in Oklahoma, the Court hereby ADOPTS the Report and Recommendation as supplemented and to the extent it is consistent with the above discussion. The claims against the United States Penitentiary in Atlanta, Georgia, the FTC, and the Correctional Officers, Medical Staff (Nurses, Doctors, All Other Persons in Active Concert or Participation with them), Warden at Reno (sic) Federal Transfer Center (FTC), Oklahoma, in their official capacities are DISMISSED FOR LACK OF JURISDICTION. His claim for damages against the Correctional Officers, Medical Staff (Nurses, Doctors, All Other Persons in Active Concert or Participation with them), Warden at Reno (sic) Federal Transfer Center (FTC), Oklahoma in their individual capacities are DISMISSED WITH PREJUDICE AS TIME BARRED. Plaintiff's FTCA claim against the United States of America is DISMISSED WITH PREJUDICE AS TIME BARRED, as is his claim against Integris Southwest Medical Center. Plaintiff's Motion to Supplement and/or Amend (Doc. No. 12) is DENIED AS FUTILE, because such claim would be time barred. Plaintiff's Motion for Appointment of Counsel (Doc. No. 11) is DENIED AS MOOT. Plaintiff's claims against the County Jail/Facility, Correctional Officers (COs), Medical Staff (Nurses, Doctors, All other Persons in Active Concert or Participation with them), Doctor Michelle Mason-Woodard, Warden at Lincolnton, Georgia, Facility/Jail, County Jail/Facility, McDuffie County Georgia, and Correctional Officers, Medical Staff (Nurses, Doctors, All other Persons in Active Concert or

9

Participation with them), Warden at McDuffie County, Facility/Jail are hereby transferred to the Southern District of Georgia.

**IT IS SO ORDERED** this 22nd day of October 2018.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE