IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDUARDO GALLEGOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-184 |
| | ) | |
| COUNTY JAIL, Lincolnton, | ) | |
| Georgia, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, an inmate at Great Plains Correctional Institution in Hinton, Oklahoma, has filed an amended complaint in this civil rights case. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.      **SCREENING OF THE AMENDED COMPLAINT**

A.      **BACKGROUND**

1.      **Procedural History**

On July 31, 2018, Plaintiff filed his original complaint, in the Western District of Oklahoma. (Doc. no. 4.) In his original complaint, Plaintiff named as Defendants:

1.  County Jail/Facility, Lincolnton, Georgia;

2.  Correctional Officers (COs), Medical Staff (Nurses, Doctors, All other Persons in Active Concert or Participation with them), Doctor Michelle Mason Woodard,

Warden at Lincol[n]ton, Georgia, Facility/Jail;

3. County Jail/Facility, McDuffie County, Georgia;

4. Correctional Officers, Medical Staff (Nurses, Doctors, All other Persons in Active Concert or Participation with them), Warden at McDuffie County, Facility/Jail;

5. U.S. Penitent[i]ary in Atlanta, Georgia;

6. Federal Transfer Center, Reno Oklahoma;

7. Correctional Officers, Medical Staff (Nurses, Doctors, All Other Persons in Active Concern or Participation with them), Warden at Reno Federal Transfer Center (FTC), Oklahoma

8. United States of America; and

9. Integris Southwest Medical Center.

(Id. at 4.)

The original complaint alleged Defendants' failure to treat his medical needs resulted in Plaintiff's skin infections becoming more severe and developing into Fournier's gangrene. (Id. at 9.) On October 22, 2018, U.S. District Judge David L. Russell dismissed for lack of jurisdiction Plaintiff's claims against (1) the U.S. Penitentiary in Atlanta, Georgia; (2) the Federal Transfer Center ("FTC") Reno, Oklahoma; and (3) Correctional Officers, Medical Staff, and Warden at the Reno FTC, Oklahoma, in their official capacities. (Doc. no. 13, p. 9.) Judge Russell also dismissed with prejudice as time barred Plaintiff's (1) claims for damages against Correctional Officers, Medical Staff, and Warden at the Reno FTC, Oklahoma, in their individual capacities; (2) Federal Tort Claims Act ("FTCA") claims against the United States of America; and (3) claim against Integris Southwest Medical Center. (Id.) Judge Russell transferred Plaintiff's claims against the remaining Defendants to the Southern District of

Georgia.  (Id. at 9-10; doc. no. 15.)

On October 29, 2018, this Court ordered Plaintiff to re-file his claims regarding his incarceration in Lincoln County and McDuffie County, Georgia, on the standard complaint form used by incarcerated litigants in the Southern District of Georgia.  (Doc. no. 17.)  Plaintiff filed an amended complaint on December 10, 2018.  (Doc. no. 21.)

### 2.   Amended Complaint Allegations

In his amended complaint, Plaintiff names as Defendants:  (1) County Jail, Lincolnton, Georgia; (2) Correctional Officers, John Does, County Jail, Lincolnton, Georgia; (3) Nurses, Jane Does, County Jail, Lincolnton, Georgia; (4) Dr. Michelle Mason-Woodard, County Jail, Lincolnton, Georgia; (5) Warden, John Doe, County Jail, Lincolnton, Georgia; (6) County Jail, McDuffie County, Georgia; (7) Correctional Officers, John Does, McDuffie County Jail, Georgia; (8) Nurses, Jane Does, McDuffie County Jail, Georgia; (9) Doctor John Doe, McDuffie County Jail, Georgia; (10) Warden John Doe, McDuffie County Jail, Georgia; (11) United States Penitentiary, Atlanta, Georgia; (12) FTC, Reno, Oklahoma; (13) Correctional Officers, John Does, FTC, Oklahoma; (14) Nurses, Jane Does, FTC, Oklahoma; (15) Dr. John Doe, FTC, Oklahoma; (16) Dr. J. Cris Carey, MD, Integris Southwest Medical Center; (17) Integris Southwest Medical Center; (18) United States of America; and (19) Warden, John Doe, FTC, Oklahoma.  (Doc. no. 21-1, p. 1.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

### i.   Lincoln County

Plaintiff was incarcerated at Lincoln County Jail from 2014 to February 2015.  (Doc. no. 21-2, p. 1.)  Lincoln County Jail failed to provide clean and sanitary housing and failed to

3

prevent Plaintiff from contracting scabies and developing infections.  (Id.)  Several other inmates also developed severe skin infections and scabies, causing rashes, itching, and pain.  (Id.) Lincoln County Jail knew inmates had scabies but failed to treat the problem, isolate infected individuals, take infections seriously, and treat inmates in a timely manner.  (Id.)  Plaintiff was infected by an inmate in his dorm.  (Id.)  Plaintiff's infections caused physical and psychological pain and later developed into Fournier's gangrene.  (Id.)

Plaintiff asked correctional officers at Lincoln County Jail for medical help, but the correctional officers failed to assist Plaintiff or bring him to medical services.  (Id.)  As a result, Plaintiff's infections spread, became more severe, and caused additional pain and suffering.  (Id.) Nurses at Lincoln County Jail provided medication, but it did not alleviate Plaintiff's condition. (Id. at 2.)  Plaintiff requested a dermatology consult, but he was never taken to a dermatologist. (Id.)

Dr. Michelle Mason-Woodard at Lincoln County Jail should have recognized the seriousness of Plaintiff's condition and referred Plaintiff to a dermatologist after his condition worsened.  (Id.)  The Warden at Lincoln County Jail knew or should have known about the unsanitary conditions of confinement, as many inmates were reporting infections, and failed to protect Plaintiff.  (Id.)

## ii.      McDuffie County

On February 9, 2015, Plaintiff was transferred to McDuffie County Jail.  (Doc. no. 21-3, p. 5.)  McDuffie County Jail failed to provide clean and sanitary housing, protect Plaintiff from contracting and spreading infections, and provide adequate medical care.  (Doc. no. 21-2, p. 2.) Plaintiff's infections became more severe at McDuffie County Jail, resulting in more severe pain

4

and suffering.  (Id.)  Correctional officers at McDuffie County Jail failed to assist Plaintiff or bring him to medical services, despite Plaintiff's requests for medical help.  (Id.)  Plaintiff requested to be seen by an outside physician and additional medication from the nurses at McDuffie County Jail, but the nurses failed to provide the proper medication.  (Id. at 3.)  Dr. John Doe at McDuffie County Jail should have recognized the seriousness of Plaintiff's condition and sent him to a specialist.  (Id.)  Warden John Doe at McDuffie County Jail failed to protect Plaintiff from contracting infections and spreading it despite knowing about the problems with scabies at the facility.  (Id.)  As a result of these Defendants' actions and inaction, Plaintiff's infection became worse.  (Id. at 2-3.)

### iii.   Federal Incarceration

On February 11, 2015, Plaintiff was transferred to the United States Penitentiary ("USP") in Atlanta, Georgia.  (Doc. no. 21-3, p. 5.)  USP failed to protect Plaintiff and provide adequate medical care for his serious medical needs.  (Doc. no. 21-2, p. 3.)  On February 19, 2015, a small abscess suddenly appeared on his right groin area.  (Doc. no. 21-3, p. 5.)  Medical staff at USP conducted an examination and drained Plaintiff's infections and abscess, but the residual infections spread faster.  (Id.)  Bacteria entered Plaintiff's open skin wound.  (Doc. no. 21-2, p. 3.)  Plaintiff was at USP from February 12, 2015, through February 20, 2015, and showed his infections and symptoms to staff, but adequate medical help was not provided.  (Id.)  Plaintiff was later diagnosed with Fournier's gangrene, which resulted in permanent injuries and life-long suffering.  (Id.)  Earlier treatment would have improved the ultimate condition.  (Id.)

On February 20, 2015, Plaintiff was transferred to FTC in Reno, Oklahoma.  (Doc. no. 21-3, p. 5.)  FTC failed to provide adequate medical care for Plaintiff's severe infections, which

later caused Fournier's gangrene and permanent injuries.  (Doc. no. 21-2, p. 3.)  Correctional officers at FTC ignored Plaintiff's infections and failed to report his urgent medical need to health services.  (Id. at 4.)  The correctional officers only sent Plaintiff to medical services after the infections spread and became life threatening.  (Id.)  Nurses at FTC ignored Plaintiff's complaints after he showed them the infection without providing adequate medication or follow-up evaluations.  (Id.)  The swelling, pain, drainage, and odor in Plaintiff's groin region should have alerted the medical staff to the severity of the infections.  (Id.)  Delayed treatment resulted in the infection spreading from Plaintiff's scrotum to his right thigh and rectum, ultimately measuring eighteen inches in length and three inches in width.  (Id.)  Plaintiff also suffered fever, nausea, and vomiting from spread of the infections.  (Id. at 5.)

On February 23, 2015, Plaintiff was transported to the emergency room, where doctors diagnosed his infections as Fournier's gangrene.  (Id. at 4.)  Dr. John Doe at FTC should have sent Plaintiff to the emergency room earlier.  (Id.)  Dr. J. Cris Carey at Integris Southwest Medical Center performed unsuccessful surgery on Plaintiff, resulting in permanent injuries, scars, and damage.  (Id.)  Dr. Carey was employed by Integris Southwest Medical Center and is responsible for Dr. Carey's actions.  Warden John Doe at FTC failed to protect Plaintiff and provide adequate medical care.  (Id. at 5.)  Plaintiff underwent four medical procedures to remove tissue affected by the infection in his groin, thigh, scrotum, perineum, and periscrotal areas.  (Id.)  As a result, Plaintiff has permanent scars and suffers constant pain.  (Id.)

The Bureau of Prisons ("BOP"), an "entity" of the United States, failed to protect Plaintiff from contracting infections, or provide sanitary confinement.  (Id.)  The United States was deliberately indifferent to Plaintiff's serious medical needs, medically negligent for failing to

provide adequate medical care, and negligent for failing to properly supervise its employees. (Id.)

Plaintiff suffers continuous pain and requires shots every one to two months for pain relief.  (Id. at 6.)  Plaintiff cannot use a toilet normally, has problems walking and sitting, and cannot open his legs after medical procedures.  (Id.)  Plaintiff cannot lift his legs if he skips his medication and cannot do any work requiring physical strength.  (Id.)  If the medical procedures were performed correctly, Plaintiff would not have experienced these problems.  (Id.)

For relief, Plaintiff requests: compensatory damages in excess of two million dollars, punitive damages, past and future medical expenses, loss of future earnings, maintenance and care benefits, corrective surgery, and medical care.  (Id. at 6.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff's Previously Dismissed Claims Should be Dismissed

On October 22, 2018, U.S. District Judge David L. Russell dismissed for lack of jurisdiction Plaintiff's claims against (1) the U.S. Penitentiary in Atlanta, Georgia; (2) the Federal Transfer Center ("FTC") Reno, Oklahoma; and (3) Correctional Officers, Medical Staff, and Warden at the Reno FTC, Oklahoma, in their official capacities, because these Defendants

are not subject to suit under <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), or the FTCA.  (Doc. no. 13, pp. 2, 9.)  Judge Russell also dismissed with prejudice as time barred Plaintiff's (1) claims for damages against Correctional Officers, Medical Staff, and Warden at the Reno FTC, Oklahoma, in their individual capacities; (2) Federal Tort Claims Act ("FTCA") claims against the United States of America; and (3) claim against Integris Southwest Medical Center.  (<u>Id.</u>)  On October 29, 2018, this Court ordered Plaintiff to file an amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia stating his claims regarding his incarceration in Lincoln County and McDuffie County, Georgia.  (Doc. no. 17.)

Despite the previous dismissal of Plaintiff's claims against these Defendants and the Court's instruction to amend his complaint to include the claims only against the Lincoln County and McDuffie County Defendants, Plaintiff nevertheless included his claims against the previously dismissed Defendants in his amended complaint.  (<u>See</u> doc. nos. 13, 14, 21.)  "[I]t is axiomatic that Plaintiff may not reallege claims that have been previously dismissed in this litigation."  <u>Halliburton v. Liberty Cty. Sch. Dist.</u>, CV 414-179, 2018 WL 1538919, at * 3 (S.D. Ga. Mar. 28, 2018).  Thus, Plaintiff cannot reassert these claims in his amended complaint.  Furthermore, Plaintiff does not assert additional allegations against the previously dismissed Defendants, much less provide a basis which would undermine Judge Russell's previous Order of dismissal.  Indeed, the factual bases alleged in Plaintiff's original and amended complains are nearly identical.  (<u>See</u> doc. no. 4, pp. 9-14; doc. no. 21-2, pp. 1-6.)

Accordingly, for the reasons stated in Judge Russel's Order, the claims against the previously dismissed Defendants should be dismissed.

### 3. Plaintiff's Claims Against Dr. John Doe at FTC and Dr. Carey Should be Dismissed for Improper Venue

Plaintiff arguably asserts claims against twp new Defendants related to allegations of improper care and treatment taking place in Oklahoma: (1) Dr. John Doe at FTC, Oklahoma, and (2) Dr. J Cris. Carey.  (Doc. no. 21-1; 21-2, p. 4.)  Pursuant to 28 U.S.C. § 1391(b), a civil action should be brought in a "district where any defendant resides" or in a "district where a substantial part of the events or omissions giving rise to the claim occurred."  These claims are closely related to Plaintiff's claims against FTC, Oklahoma, various personnel employed there, and Integris Southwest Medical Center, which Judge Russell previously dismissed for lack of jurisdiction under Bivens or as time-barred.  (Doc. no. 13, pp. 9-10.)

The proper venue for the claims against these Defendants is the Western District of Oklahoma.  However, the Court determines it is not in the interest of justice to transfer these claims back to the Western District of Oklahoma because (1) this case was previously transferred from the Western District of Oklahoma, (2) the arguably new claims are substantially similar to the claims previously dismissed by Judge Russell in the Western District of Oklahoma, and (3) Plaintiff's claims would likely be subject to dismissal on the same grounds as the previously dismissed claims.  28 U.S.C. § 1406(a).  Accordingly, Plaintiff's claims against these Defendants should be dismissed without prejudice.

### 4. Plaintiff's § 1983 Claims Against Lincoln County and McDuffie County Defendants Are Time-Barred

Plaintiff's § 1983 claims against the Lincoln County and McDuffie County Defendants are subject to dismissal under the statute of limitations.  State law controls the length of the statute of limitations period in § 1983 actions.  Abreu-Velez v. Bd. of Regents

10

of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007);  Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987).  In Georgia, such claims for injuries to the person must be brought within two years of their accrual.  Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations period, federal law determines the date of accrual.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Brown, 335 F.3d at 1261 (quoting  Rozar, 85 F.3d at 561-62).

The continuing violation doctrine allows a plaintiff to sue on a time-barred claim "when additional violations of the law occur within the statutory period."  Robinson v. United States, 327 F. App'x 816, 818 (11th Cir. 2007) (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001).  However, "'[t]he critical distinction in the continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does.'"  Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003) (quoting Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir.1994)).

Plaintiff filed the present lawsuit in July 2018.  (Doc. no. 1.)  Plaintiff alleges he was transferred from Lincoln County Jail on February 9, 2015, and from McDuffie County Jail on February 11, 2015.  (Doc. no. 21-3.)  Once Plaintiff was transferred from these facilities, he

11

suffered no continuation of the violations allegedly committed by the Lincoln County and McDuffie County Defendants, only the consequences of their past actions.  See Brown v. Roberts, No. 5:09-cv-117, 2010 WL 1258028, at *2 (M.D. Ga. Mar. 26, 2010) (finding continuing violation by defendants ended when prisoner plaintiff transferred to another prison). Thus, Plaintiff's cause of action against these Defendants accrued in February 2015 at the latest.

Plaintiff did not commence this case until more than three years after being transferred out of the Lincoln County and McDuffie County facilities, well past expiration of the two-year statute of limitations.  Thus, the claims raised against the Lincoln County and McDuffie County Defendants are time-barred.

Furthermore, to the extent Plaintiff attempts to bring an FTCA claim against the Lincoln County and McDuffie County Defendants, this claim fails because these Defendants are not federal employees. 28 U.S.C. §§ 1346(b)(1) & 2674; see also, Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217-18 (2005) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees.").

### 5.      Any Potential State Law Claims Should Be Dismissed

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his amended complaint, those should be dismissed.  Pursuant to 28 U.S.C. § 1331, District Courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  Section 1331 provides the Court authority to rule in a § 1983 case.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, § 1367(c)(3)

states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." <u>Id.</u> § 1367(c)(3) (emphasis added).

Indeed, a District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. <u>See</u> <u>Nolin v. Isbell</u>, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no independent basis for federal jurisdiction"); <u>see also</u> <u>Republic of Panama v. BCCI Holdings (Luxembourg) S.A.</u>, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."). Accordingly, any potential state law claims Plaintiff believes he may have should be dismissed so that he may, if he chooses, pursue them in state court.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** and this civil case be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of January, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA