IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDUARDO GALLEGOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-184 |
| | ) | |
| COUNTY JAIL, Lincolnton, Georgia, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 29.) In his objections, Plaintiff argues he is entitled to equitable tolling of the statute of limitations during the time he exhausted his administrative remedies and during various lock-downs at Great Plains Correctional Facility during 2015 and 2016. (Id. at 9.)

The Eleventh Circuit has declined to address the question of whether the statute of limitations is tolled while a prisoner exhausts administrative remedies as a mandatory prerequisite for filing a federal lawsuit. Roger v. Augustine, No. 18-10834, 2019 WL 413750, at *2 (11th Cir. Feb. 1, 2019) (citing Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001)). However, "[t]he general test for equitable tolling requires the party seeking tolling to prove that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Id. (citing

Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016)). Furthermore, "the petitioner bears the burden of showing equitable tolling is warranted." Salas v. Pierce, 297 F. App'x 874, 877 (11th Cir. 2008) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Even assuming the statute of limitations for Plaintiff's claims should be tolled while he attempted to exhaust administrative remedies, Plaintiff is not entitled to equitable tolling because he has not pursued his rights diligently. In his objections and attached brief to the Eleventh Circuit,[1] Plaintiff argues his claims are entitled to equitable tolling during the exhaustion of mandatory administrative remedies and during lockdowns at Great Plains Correctional Facility ("GPCF"). (Doc. no. 29, pp. 1-2, 9-10.) However, Plaintiff provides no dates or details as to his efforts to exhaust his administrative remedies and gives only general information about when the lockdowns occurred. (Id. at 9-10.) Plaintiff attached several documents related to his administrative remedies to his amended complaint. (Doc. no. 21-3.) However, these records clearly show Plaintiff failed to pursue his rights diligently.

Based on the records available, Plaintiff waited until August 25, 2015, to file a grievance, more than five months after his initial surgery and two months after he was transferred. (Id. at 6, 14-15.) On October 20, 2015, his grievance appeal was denied for being filed on an improper form. (Id. at 13.) Plaintiff waited until April 2016 to file an additional grievance, (id. at 12), which GPCF denied initially, (id. at 10). Plaintiff improperly appealed the denial to the wrong administrative level initially, (id. at 8), and, on

---

[1] Plaintiff erroneously states he has an appeal pending before the Eleventh Circuit, (doc. no. 29, p. 1), because the Eleventh Circuit dismissed his appeal for want of prosecution on December 12, 2018, (doc. no. 22).

July 26, 2016, his appeal was denied because the warden's response was more than two months old, (id. at 7). The denial allowed Plaintiff to refile within fifteen days with an updated response, but there is no indication Plaintiff did so. (Id.) On June 9, 2017, more than ten months after receiving the last grievance denial, Plaintiff filed an administrative claim under the Federal Tort Claims Act, which was denied as untimely filed. (Id. at 2-4.)

Plaintiff sporadically attempted to pursue administrative remedies prior to filing the present lawsuit. Accordingly, because Plaintiff did not diligently pursue his rights, his claims are not entitled to equitable tolling during the periods he attempted to exhaust administrative remedies.

Finally, Plaintiff argues equitable tolling applies because he was unable to perform legal research and seek legal help from other inmates during lockdowns from 2015 to 2017. (Doc. no. 29, pp. 9-10.) Plaintiff fails to provide any details concerning when the lockdowns occurred, how long they lasted, or the prison conditions during the lockdowns. (Id.) There is no evidence his access to the law library and other prisoners for legal advice was so inadequate as to prevent him from researching the legal issues raised in his complaint during the periods the prison was not on lockdown. Furthermore, neither Plaintiff's initial complaint nor his amended complaint include any citations to legal authority, suggesting access to the law library was necessary for Plaintiff to state his claims. (See generally doc. nos. 4, 21.) Thus, Plaintiff has not shown extraordinary circumstances existed to warrant equitable tolling. See Paulcin v. McDonough, 259 F. App'x 211, 212 (11th Cir. 2007) (holding habeas petitioner not entitled to equitable tolling because of inability to access law library and legal papers following transfer to county jail) (citing Akins v. United States, 204

3

F.3d 1086, 1089-90 (11th Cir. 2000) (declining to apply equitable tolling where habeas petitioner subjected to lockdowns for several months during which he had no access to law library because he had ample time when the impediment did not exist); Dodd v. United States, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (finding no extraordinary circumstances where habeas petitioner detained at separate facility without his legal papers)). In short, Plaintiff is not entitled to equitable tolling for the statute of limitations as to his claims.

Finally, on January 8, 2019, Plaintiff filed a motion for reconsideration of the Court's December 18, 2018 Order making the mandate of the Eleventh Circuit the judgment of this Court as to Plaintiff's appeal. (Doc. no. 24.) Plaintiff filed a notice of appeal on November 5, 2018, and, on November 7, 2018, the Eleventh Circuit notified Petitioner his appeal would be dismissed unless he paid the filing fee or moved in the district court for relief from the obligation to pay the docketing and filing fees. (Doc. nos. 18, 20.) Plaintiff failed to do so, and, on December 12, 2018, the Eleventh Circuit dismissed his appeal for want of prosecution. (Doc. no. 22.) The December 18th Order made the Eleventh Circuit's mandate the judgment of this Court. (Doc. no. 24.) Plaintiff now argues the dismissal was in error because he obtained leave to proceed *in forma pauperis* ("IFP") in this Court and, thus, did not need to obtain leave to proceed IFP as to his appeal. (Doc. no. 24.)

The Eleventh Circuit's November 7, 2018 notice clearly informed Plaintiff of the filing deficiency as to his appeal and the consequence of his failure to either pay the filing fee or seek to proceed IFP. (Doc. no. 20.) Plaintiff failed to remedy the deficiency in a timely manner, and the Eleventh Circuit dismissed his appeal accordingly. Moreover, the Eleventh Circuit has not countermanded its December 12th mandate and has since returned

4

Petitioner's submissions unfiled because the case is closed. See Gallegos v. Cty. Jail Linconlton Ga., No. 18-14642-C (11th Cir. Nov. 5, 2018). Thus, the Court **DENIES** Plaintiff's motion for reconsideration. (Doc. no. 24.)

Accordingly, the Court **OVERRULES** Plaintiff's objections, (doc. no. 29), **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's motion for reconsideration, (doc. no. 24), **DISMISSES** Plaintiff's amended complaint, and **CLOSES** this civil action.

SO ORDERED this 25th day of February, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA